■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND JOHNSON. Appellant.— Order of August 19, 1968 denying motion for resentence is treated as an application for *coram nobis*. (*People* v. *Machado*, 17 N Y 2d

440.) The order is unanimously reversed, on the law, and the matter remanded to Supreme Court for further proceedings, since the defendant was not advised as to his right to challenge the constitutionality of the prior convictions. Appellant was sentenced as a third felony offender one month before April 10, 1964, the effective date of section 1943 of the former Penal Law which was amended to guarantee a defendant the right to challenge the constitutionality of a prior conviction and to be informed thereof. Defendant was not informed of his said right. Said amendment has been applied retroactively (*People* v. *Jones*, 17 N Y 2d 404) and hence is applicable to the defendant's prior convictions. In the instant case, defendant was charged with two prior convictions. Defendant confines his constitutionally based attack to only one of them. The fact that there is an unchallenged and independent basis for the sentence below is not determinative. It has been held that "Despite the fact that the same punishment could be imposed for a second offense as for a third offense, the defendant would, nevertheless, be entitled to be sentenced as a second offender rather than as a third offender." (*People* v. *Waterman*, 11 A D 2d 622; *People* v. *Shaw*, 1 N Y 2d 30; *People* v. *French*, 5 A D 2d 852; *People* v. *Gifford*, 2 A D 2d 642; *People* v. *Begue*, 1 A D 2d 289. Concur — Capozzoli, J. P., McGivern, Nunez, McNally and Tilzer, JJ.